Filed 8/28/24  P. v. Salinas CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWIN ABRAN SALINAS,<br><br>    Defendant and Appellant. | G063824<br><br>(Super. Ct. No. 23NF2111)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge. Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent defendant Edwin Abran Salinas on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting we independently review the entire record. We provided Salinas 30 days to file written argument on his own behalf. That deadline elapsed and no supplemental response was received.

We conducted an independent review of the entire record in accordance with our obligations under *Wende* and *Anders* and found no arguable issues on appeal. We affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the dark early morning hours of August 28, 2023, Salinas was seen entering a commercial building; nothing was taken from the building. In a separate incident approximately six weeks later, a witness saw a man in the parking lot of a mall in Anaheim concealing a knife under the sleeve of his sweater. The witness could see the tip of the blade protruding from under the sleeve of the man's sweatshirt. The man was using the knife to try to break into a vehicle. He was riding around the parking lot on a scooter and appeared to be trying to open the doors of other vehicles by pulling on the door handles. The witness could not see the man's face and could not identify Salinas.

In response to a call regarding a man with a knife in the parking lot, however, police found Salinas inside the mall talking to an employee from one of the businesses. Salinas had a 12-inch butcher knife concealed under

2

the sleeve of his sweatshirt and had a scooter with him. Police also found a methamphetamine pipe in Salinas's possession.[1]

In an amended information, the People charged Salinas with one count of second degree burglary, a felony (Pen. Code, § 459 [count 1]),[2] one count of carrying a concealed dirk or dagger,[3] a felony (§ 21310 [count 2]), one count of possession of controlled substance paraphernalia, a misdemeanor (Health & Saf. Code, § 11364, subd. (a) [count 3]), and one count of unlawful tampering with a vehicle, a misdemeanor (Veh. Code § 10852 [count 4]).[4] An on-bail enhancement (§ 12022.1, subd. (b)) was alleged as to count 2. The information alleged Salinas had suffered a strike prior based on a residential burglary conviction in 2021, and it alleged four factors in aggravation under California Rules of Court, rule 4.421(b)(2), (b)(3), and (b)(4).

Prior to trial, the court granted Salinas's motion to bifurcate the enhancement, factors in aggravation, and strike prior allegation, and Salinas personally waived the right to a jury trial as to these components of the information.

---

[1] Police identified Salinas in court as the man they located inside the mall that day, and the officer's bodycam footage from the day of Salinas's arrest showed Salinas, the knife, and the pipe he was carrying.

[2] All further statutory references are to the Penal Code unless otherwise stated.

[3] A dirk or dagger is "a knife or other instrument with or without a handguard that is capable of ready use as a stabbing weapon that may inflict great bodily injury or death." (§ 16470.)

[4] Over Salinas's objection, the trial court granted the People's motion to consolidate the burglary charge with other charges stemming from the later incident.

The case was tried to a jury. At the conclusion of the prosecution's case, Salinas moved for a judgment of acquittal pursuant to section 1118.1. The trial court denied the motion. Ultimately, the jury deadlocked on count 1 and returned guilty verdicts as to counts 2, 3, and 4. The court dismissed count 1, which also resulted in a dismissal of the on-bail enhancement for count 2 by operation of law because Salinas had been released on bail for the charges alleged in count 1. A court trial took place on the strike prior allegation, and the court found the allegation to be true, but struck the allegation and dismissed the strike in the interest of justice. The court found facts supporting aggravating circumstances in that the manner in which the crime was carried out indicated planning and sophistication (Cal. Rules of Court, rule 4.421(a)(8)), and Salinas engaged in conduct that indicated a serious danger to society (rule 4.421(b)(1)).

The trial court denied Salinas probation[5] and sentenced him to two years in prison on count 2, the full midterm sentence, and six months for each of counts 3 and 4, to run concurrent to the sentence on count 2. Finding Salinas had no ability to pay, the court exercised its discretion and waived all fines and fees. Judgment was entered on February 16, 2024. Salinas timely appealed.

## DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court must independently review the

---

[5] The trial court's denial of probation was based on (1) Salinas's multiple prior felony convictions, including one conviction for first degree burglary, and multiple convictions for receiving stolen property, which the court found revealed a pattern, (2) Salinas's use of a knife to try to break into vehicles, and (3) the court's conclusion Salinas's conduct indicated he is a danger to society.

record for arguable issues. (*Wende, supra*, 25 Cal.3d at pp. 441–442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issues.

DISPOSITION

The judgment is affirmed.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

MOTOIKE, J.

5